UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASMINE DURHAM,<br>   *Plaintiff*, | :<br>:   CIVIL CASE NUMBER:<br>: |
| v. | :   3:16-cv-01643-VLB<br>: |
| METROPOLITAN GROUP PROPERTY<br>AND CASUALTY INSURANCE CO.,<br>   *Defendant*. | :   July 20, 2017<br>:<br>: |

### MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO DISMISS [DKT. 17]

Plaintiff Jasmine Durham ("Plaintiff") brings this three-count action against her automobile insurer Metropolitan Group Property and Casualty Insurance Co. ("Defendant") for breach of contract; breach of the covenant of good faith and fair dealing; and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, *et seq* claiming that Defendant improperly denied coverage under its automobile insurance policy number 843371969-0 for claims she made incident to a collision between her insured vehicle and an all-terrain vehicle ("ATV"). Plaintiff seeks compensatory damages, punitive damages, and all other costs and fees. Defendant moves to dismiss the case in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The insurance policy was not filed as an attachment to the Complaint nor was it filed in support of the Motion to Dismiss.

### Background

Plaintiff resides in Middletown, Connecticut. [Dkt. 1-1 (Compl.) ¶ 1]. Defendant is an insurance company with a principle place of business in Rhode

Island and is registered with the Connecticut Insurance Commissioner to do business in Connecticut.  *Id.* ¶ 2.

In the early afternoon on October 12, 2014, Plaintiff operated her vehicle in Meriden, Connecticut, where she collided with an ATV operated by Damian Lein.  *Id.* ¶¶ 3-4.  Plaintiff sustained.  *Id.* ¶¶3, 4 AND 8.  Plaintiff alleges that such injuries were directly and proximately caused by Lein's negligence and/or carelessness.  *See id.* ¶¶ 6-8.    She underwent invasive medical treatment and diagnostic examinations and may require future medical treatment including, but not limited to, surgery and physical therapy.  *Id.* ¶¶ 9-10.

At the time of the collision, Plaintiff owned the vehicle and insured it through Defendant's insurance policy.  *Id.* ¶ 12.  All premiums owed and due had been paid and the policy was in effect when the accident occurred.  *Id.* ¶¶ 12-13.  Plaintiff's insurance policy covers damages sustained as a result of an accident involving an owner or operator of an uninsured or underinsured motor vehicle.  *Id.* ¶ 14.  Lein either did not have insurance coverage or such coverage was inadequate to compensate Plaintiff for her damages.  *Id.* ¶ 15.  Plaintiff notified Defendant of her claims on or about October 29, 2014, and Defendant denied such claims on January 12, 2015.  *Id.* ¶¶ 17-18.

## Legal Standard

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005). Although both parties possess, are knowledgeable about and rely on the insurance policy, as noted above, neither party filed the insurance policy.

I.  **Discussion**

Defendant moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) all three counts of the Complaint: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) the violation of CUTPA asserting that the claims are not sufficiently plead.  The Court addresses each disputed count in turn.

A.  *Breach of Contract*

An insurance policy "is to be interpreted by the same general rules that govern the construction of any written contract." *Zulick v. Patrons Mut. Ins. Co.*, 287 Conn. 367, 372–73 (2008).  The elements for breach of contract are (1) formation of a contract, (2) performance by one party, (3) breach of the agreement by the other party, and (4) damages.  *Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 114 (D. Conn. 2014); *Meyers v. Livingston, Adler, Pulda, Meiklejohn and Kelly, P.C.*, 311 Conn. 282, 291 (2014); *Am. Express Centurion Bank v. Head*, 115 Conn. App. 10, 15-16 (Conn. App. Ct. 2009).

Defendant argues that Plaintiff fails to allege facts showing Defendant breached a duty owed under the agreement.  *See* [Dkt. 17 (Mot. Dismiss) at 8]. Plaintiff has not provided any language from the insurance policy but instead generally references the policy.  Defendant likewise has failed to provide the Court with any language about the specifics of the policy.

In construing the complaint in the light most favorable to the plaintiff, the Court finds that this complaint although lacking specific language from the

insurance policy nonetheless plausibly gives rise to entitlement to relief for breach of contract. First, Plaintiff adequately alleges the formation of a contract because she establishes the existence of insurance policy number 843371969-0. *See* Dkt. 1-1 ¶ 12. Second, Plaintiff adequately alleges performance of her part of the contract because she claims she paid all premiums owed up to the point of the accident. *See id.* ¶ 13. Third, Plaintiff alleges the insurance policy covered accidents involving others who are uninsured or underinsured, which includes Lein, but that Defendant failed to cover the accident involving Lein. *See id.* ¶¶ 14-16. Plaintiff avers that her injuries resulting from the accident with Lein are the "legal responsibility" of Defendant, which can plausibly be construed as a duty under the contract to provide coverage for such accidents. *See id.* ¶ 16. Fourth, by failing to cover Plaintiff's injuries, Plaintiff now seeks compensatory damages. *See id.* at p. 8. Defendant provides no legal support demonstrating why such allegations fail to satisfy the pleading requirement and has not provided the Court with language from the insurance policy demonstrating otherwise. Accordingly, as to this count the motion is DENIED.

### B. *Breach of Covenant of Good Faith and Fair Dealing*

The duty of good faith and fair dealing "is a covenant implied into a contract or a contractual relationship," and every contract "carries an implied duty requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement . . . ." *Renaissance Mgmt. Co., Inc. v. Conn. Hous. Fin. Auth.*, 281 Conn. 227, 240 (Conn. 2007) (quoting *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 432–33 (Conn. 2004)).

**Implicit in every contract is a covenant of good faith and fair dealing. "To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." *Id.*; *Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 308 Conn. 760, 795 (Conn. 2013) (same). Generally, bad faith "implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . ." *De La Concha*, 269 Conn. at 433; *Capstone Bldg. Corp.*, 308 Conn. at 795 (same); *TD Bank, N.A. v. J & M Holdings, LLC*, 143 Conn. App. 340, 348 (Conn. App. Ct. 2013) (same). This means more than negligence because there must exist a dishonest purpose. *De La Concha*, 269 Conn. at 433; *Martin v. Am. Equity Ins. Co.*, 185 F. Supp. 2d 162, 166-68 (D. Conn. 2002) (stating a party acts in bad faith if his or her conduct is "not simply bad judgment or negligence, but rather . . . the conscious doing of a wrong because of dishonest purpose or moral obliquity. . . operating with furtive design or ill will").**

**In the context of an insurance policy, as principal matter "[a] bad faith action must allege denial of the receipt of an express benefit under the policy." *Capstone Bldg. Corp.*, 308 Conn. at 794. Any cause of action for bad faith "not tied to duties under the insurance policy must therefore fail as a matter of law." *Id.* at 797; *see Van Dorsten v. Provident Life & Acc. Ins. Co.*, 554 F. Supp. 2d 285, 287 (D. Conn. 2008) (stating that Connecticut law requires bad faith claims to**

6

establish that "(1) two parties entered into a contract under which plaintiff reasonably expected to benefit; (2) the benefit was denied or obstructed by the other party's actions; and (3) the other party's actions were taken in bad faith"). Because Plaintiff has stated a plausible claim for an express benefit under the insurance policy, the question is centered on whether the pleadings give rise to an inference of bad faith.

"[M]ost Connecticut trial judges have held that a plaintiff is required to plead specific facts to show how the defendant's actions were done in bad faith and in what manner the conduct was done with ill purpose, an intent to defraud or deceive, or bad motive." *Jazlowiecki v. Nationwide Ins. Co. of Am.*, No. HHDCV-126036618S, 2014 WL 279600, at *2 (Conn. Super. Ct. Jan. 3, 2014) (citing Connecticut cases). "Allegations of a mere coverage dispute or negligence by an insurer in conducting an investigation will not state a claim of bad faith against an insurer." *Martin*, 185 F. Supp 2d at 164. Nor are "bald assertions" that the defendant acted with a "sinister motive" sufficient to withstand a motion to dismiss. *Vega v. Sacred Heart Univ., Inc.*, 836 F. Supp. 2d 58, 65 (D. Conn. 2011).

Here, Plaintiff's only allegation specifically tied to the breach of the covenant of good faith and fair dealing claim is that Defendant engaged in a "baseless denial of Claim ALH17439RE." *See* [Dkt. 1-1 ¶ 20]. Such an assertion constitutes at best negligence or a coverage dispute and are insufficient to recover for breach of the covenant of good faith and fair dealing. However, Plaintiff later stated with respect to its CUTPA claim that Defendant "sold insurance to consumers with no intent to cover claims made on such policies to

7

the extent they are required to by contract and by law, and have engaged in an intentional campaign of making improper denials of such claims, despite knowing of their ongoing and legal and contractual obligations." *Id.* ¶ 21. The court finds that these facts when construed in a light most favorable to the plaintiff constitute more than a coverage dispute or negligence. Therefore, the Court DENIES Defendant's motion as to the breach of covenant of good faith and fair dealing.

### C. *Violations of CUTPA*

Section 42-110b(a) of CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. 42-110b(a). In determining whether a practice is unfair, Connecticut courts have traditionally applied the "cigarette rule" established by the Federal Trade Commission, which asks whether a practice (1) "offends public policy . . . established by statutes, the common law, or otherwise"; (2) "is immoral, unethical, oppressive, or unscrupulous"; or (3) "causes substantial injury to consumers. . . ." *State v. Acordia*, 310 Conn. 1, 29-30 (2013); *Am. Car Rental, Inc. v. Comm'r of Consumer Prot.*, 273 Conn. 296, 306-07 (2005).[1]

The Connecticut Supreme Court has held that with respect to the first prong, "conduct by an insurance broker or insurance company that is related to the business of providing insurance can violate CUTPA only if it violates CUIPA. .

---

[1] The Connecticut Supreme Court has expressed doubt as to whether the "cigarette rule" is still the guiding rule under federal law but to date has not addressed this issue. *See Acordia*, 310 Conn. at 29 n.1 (citing *Glazer v. Dress Barn, Inc.*, 274 Conn. 33, 82 n.34 (2005)).

. ." *Acordia*, 310 Conn. 1 at 9. CUIPA defines a wide variety of "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance." Conn. Gen. Stat. 38a-816. Plaintiff does not allege violations of any particular subsection of this provision.

In the absence of pleading a CUIPA violation or other offense to public policy, Plaintiff must satisfy the second or third prong of the "cigarette rule." Plaintiff alleges that Defendant violated CUTPA because it "sold insurance to consumers with no intent to cover claims made on such policies to the extent they are required to by contract and law, and have engaged in an intentional campaign of making improper denials of such claims, despite knowing of their ongoing legal and contractual obligations." [Dkt. 1-1 ¶ 21]. Plaintiff maintains that such actions "show calculated, deceitful and unfair conduct, and reckless indifference to the rights of the Plaintiff. . . ." *See* [Dkt. 1-1 ¶ 23]. To establish a valid CUTPA claim, Plaintiff must do more than plead a "simple breach of contract" claim. *See Boulevard Assocs. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1038-39 (2d Cir. 1995) (agreeing with the "vast majority of Courts in Connecticut" that a simple breach of contract claim is insufficient to establish a CUTPA violation); *Omni Corp. v. Sonitrol Corp.*, 303 F. App'x 908, 910 (2d Cir. 2008) (recognizing that a CUTPA claim requires the plaintiff to "demonstrate aggravating circumstances beyond a simple breach of contract"); *Lawrence v. Richman Grp. Capital Corp.*, 358 F. Supp. 2d 29, 42 (D. Conn. 2005) ("A simple breach of contract is insufficient to establish a claim under CUTPA."); *Lydall, Inc. v. Ruschmeyer*, 282 Conn. 209, 247-48 (2007) (finding the trial court incorrectly

determined a violation of CUTPA when there existed breach of contract but nothing more); *Greene v. Orsini*, 50 Conn. Supp. 312, 315 (Conn. Super. Ct. 2007) ("A CUTPA claim lies where the facts alleged support a claim for more than a mere breach of contract."). Allegations constituting "significant aggravating circumstances" suffice. *See Empower Health LLC v. Providence Health Solutions LLC*, No. 3:10-CV-1163 (JCH), 2011 WL 2194071, at *7 (D. Conn. June 3, 2011) (citing *Saturn Const. Co. Inc. v. Premier Roofing Co.*, 238 Conn. 293, 310 (1996)). In construing the complaint in the light most favorable to Plaintiff, the Court finds that the sale of insurance without an intent to cover claims and the intentional campaign to make improper denials are "significant aggravating circumstances" constituting immoral, unethical, or unscrupulous activity. Accordingly, the motion to dismiss is DENIED as to the CUTPA claim.

II. <u>Conclusion</u>

For the aforementioned reasons, the Court hereby DENIES Defendant's Motion to Dismiss.

III. <u>Reminder</u>

Defense counsel is reminded to file all documents with the Court electronically in conformity with Paragraph 1 of Chambers Practices in text-searchable OCR PDF format, not manually signed.

IT IS SO ORDERED.

\_\_\_\_/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 20, 2017